Smith *v.* Delaware and Atlantic Telegraph and Telephone Co.

RUFUS W. SMITH, complainant and respondent,

*v.*

THE DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY, defendant and appellant.

[Filed November 18th, 1902.]

1. A person cannot by his own mere assertion prove that he is the agent of another.

2. A person may by permission, recognition or acquiescence occasion a reasonable inference that another is his agent.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *18 Dick. Ch. Rep. 93.*

*Mr. David J. Pançoast,* for the appellant.

*Mr. William Early,* for the respondent.

The opinion of the court was delivered by

ADAMS, J.

The bill in this suit was filed for a mandatory injunction to compel the removal of certain wires strung over the sidewalk in front of the premises of complainant without his consent. The bill alleges that the complainant owns in fee-simple and is possessed of a certain described tract of land in the borough of Elmer, in the county of Salem, extending to the middle of Main street, and that the defendant, a foreign corporation, without warrant of law or the permission of complainant, and against his written and verbal protest, strung wires, to be used for the defendant's private business and profit, "over the property and pavement of your orator on Main street," and thereby imposed upon complainant's land, without compensation, a servitude ad-

ditional to the public easement in the street, and so did complainant irreparable injury.

The defendant's answer denies that it has strung wires over the property of the complainant, as in the bill alleged; denies that it has no authority or power to do business in the State of New Jersey; denies that it is not doing a public business and that it has done irreparable damage; and alleges that the grievances complained of are cognizable at law, and prays the same benefit of this defence as if it had demurred.

At the hearing before the vice-chancellor the complainant proved title and possession, the stringing of the wires, without his consent and against his verbal protest, over his sidewalk, within eight feet of his building, and that ringing noises proceed from the wires and disturb him. It was admitted that the defendant is a New York corporation.

The complainant further testified that before the wires were strung he wrote and mailed to the defendant a letter forbidding it to string wires over his property.

Up to this point there was nothing to connect the defendant with the acts complained of. The complainant's solicitor then testified, without objection, as follows:

"Subsequent to the erection of the wires at Elmer, and prior to the bringing of this suit to ascertain whether the Delaware and Atlantic Telegraph and Telephone Company actually erected the wires on Mr. Smith's property at Elmer, I called at the office of the company in Philadelphia. I was shown to the office of the general manager, Mr. Westbrook, and had a conversation with him, in which conversation Mr. Westbrook told me he was the general manager of the company and authorized to speak for the company; that it was the Delaware and Atlantic Telegraph and Telephone Company who had erected the wires on the property of Mr. Smith in Main street, in Elmer, and that he received a letter from Mr. Smith forbidding the placing of the wires there and asked me whether a money consideration would settle the matter."

This cross-examination then followed:

"*Q.* Is that the only interview you ever had with Mr. Westbrook?
"*A.* That is the only interview I ever had with Mr. Westbrook.
"*Q.* And that is all you knew about his connection with the company?
"*A.* That is all I knew."

The defendant offered no evidence, and rested the case on the single defence that the testimony failed to show that it caused the said wires to be strung and maintained. The vice-chancellor dealt only with this question, and to this question our inquiry is confined.

A person cannot by his own mere assertion prove that he is the agent of another. A person may, by permission, recognition or acquiescence, occasion a reasonable inference that another is his agent. Did the evidence in this case tend to prove that Mr. Westbrook was an agent of the defendant, and that his declarations would bind it? Mr. Early called at the office of the company in Philadelphia and was shown, no doubt, in answer to some inquiry, to an office purporting to be that of the general manager. There he found Mr. Westbrook installed, assuming to act as general manager, and already informed about the letter that the complainant had written to the defendant. Which is the more natural supposition, that Mr. Westbrook was an intruder or usurper, who had possessed himself in some unauthorized way of the contents of the complainant's letter, or that he was acting with the knowledge and by the direction of the defendant? The mind readily accepts the latter alternative. There was thus, evidence tending to prove agency, aside from Mr. Westbrook's averment that he was agent, and this evidence made his declarations competent, for they were admissions of the defendant by the mouth of one who appeared by uncontradicted proof to be its agent, made in the conduct of business entrusted to him. *Ashmore* v. *Penn. S. T. and T. Co., 9 Vr. 13.* The admission of a party to the suit is excepted from the general rule that excludes heresay evidence.

The vice-chancellor advised a mandatory injunction, but seems to have thought that the testimony as to Mr. Westbrook's declarations was of doubtful competency, and that it was legalized only by the failure of the solicitor of the defendant to object to it. We concur in the vice-chancellor's result, but put our decision on the ground that the situation itself afforded evidence tending to prove Mr. Westbrook's agency, and so laid a foundation for testimony as to his admissions.

The decree is affirmed.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Collins, Fort, Garretson, Hendrickson, Pitney, Bogert, Adams, Vredenburgh, Voorhees, Vroom—13.

*For reversal*—None.