COMMERCIAL CREDIT CORPORATION, PLAINTIFF-RE-SPONDENT, v. JAMES W. LOWE AND HELEN LOWE, DEFENDANTS-APPELLANTS.

Argued May 4, 1932—Decided August 1, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Clarence A. Ward.*

For the defendants-appellants, *William K. Flanagan.*

PER CURIAM.

This is an appeal from the First Judicial District Court of the county of Essex where a directed verdict was rendered in favor of the plaintiff corporation and against the defendants on a promissory note made by the defendants to J. Forbes Wiley, payable at the office of the plaintiff, and endorsed by the payee. The note was proved, the signatures thereon were admitted, and the amount unpaid was proved and not disputed.

The only specification properly before us is the sixth, namely, that the court erred in directing a verdict; and under this point it is argued that it was for the jury to say whether the plaintiff was bound, under the principle of agency, by certain representations made in its office.

It appears from the testimony of James W. Lowe that Wiley, a house painter, had made a contract with Mr. and Mrs. Lowe to paint their house, and that the work had been done, but not to the witness' satisfaction; that on a certain Saturday the witness went with Wiley to the offices of the plaintiff, a finance corporation, in New York, to see about

executing a note in payment, that the two, on getting off the elevator, walked into a big office where there was an old man who, after "Mr. Wiley went up and spoke to him," took them "to about the middle of the room to another office," where a younger man, without any introduction, first talked privately with Wiley and then, having heard Lowe's complaint about the paint, said, "If anything goes wrong, we will make good." The note was not signed until three days later when Wiley brought it to Lowe's house. The defense hinges upon the authority of this unnamed person, as agent, to bind the plaintiff. To obligate a corporation upon a contract it must be proven that the contract was the act of the corporation either by corporate action, the act of an authorized agent or by adoption and ratification. *The Aerial League of America* v. *Aircraft Fireproofing Corp.*, 97 *N. J. L.* 530; 117 *Atl. Rep.* 704. No corporate action is alleged or proved. There are cases, of which *Smith* v. *Delaware and Atlantic Telegraph and Telephone Co.*, 64 *N. J. Eq.* 770; 53 *Atl. Rep.* 818, is one, holding that a person may by permission, recognition or acquiescence occasion a reasonable inference that another is his agent. In the cited case there was evidence of salient facts entirely lacking in the case at bar, as that the person charged with agency was known by name, assumed to act as general manager, occupied an office purporting to be that of the general manager, and had preliminary knowledge of the facts such as would come to one in that position; and in addition there was an averment, made admissible by such evidence, by the person assuming to act that he was in fact the agent of the principal. Not one of these facts, or the equivalent thereof, appears in the case before us. There is no testimony as to the name or the position of either of the men mentioned, no representation that either of them was an agent, no suggestion of title or indicia of authority on the door of the office, or on the desk of the person who gave the alleged assurance. There were no incidents from which agency could be reasonably inferred. Defendants failed to show agency. There was no proof of adoption and ratification. Consequently the alleged assurance could not be set up as an undertaking by the plain-

tiff. Likewise the defendants failed to show knowledge, by the plaintiff, of any facts that would militate against its position as a holder in due course. There was nothing to go to the jury. The direction of verdict was proper.

Our finding in this respect is dispositive of the appeal. However, we note that of the remaining five specifications the first complains of a refusal to admit an agreement, no copy of which is placed before us for examination; and the other four do not apprise the court with precision of the errors complained of. *Cornish* v. *Jenks,* 109 *N. J. L.* 87; 160 *Atl. Rep.* 521; *State* v. *Blaine,* 104 *N. J. L.* 325; 140 *Atl. Rep.* 566.

Judgment below will be affirmed, with costs.